UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **DAVID AND FLOMARA MCGREGOR** § | | |
|     Plaintiffs § | | |
| § | | |
| Vs. § | CASE NO. 4:22-cv-01782 | |
| § | | |
| **FAY SERVICING, LLC, RESCONN** § | | |
| **CAPITAL MANAGEMENT, LLC** § | | |
| **& DAVID E. BROWN** § | | |
|     Defendants. § | | |

**OBJECTION TO APPLICATION FOR INJUNCTIVE RELIEF**

Defendants, RESCONN Capital Management, LLC and David E. Brown file this objection to Plaintiffs' application for temporary restraining order, supported by the attached Declaration of David E. Brown, and would show as follows:

**DEFENDANTS OBJECT TO THE GRANTING OF INJUNCTIVE RELIEF BECAUSE PLAINTIFFS CANNOT MEET THE ELEMENTS FOR THE GRANTING OF AN INJUNCTION**

1. Defendants object that Plaintiffs cannot show a substantial likelihood of applicant's success on the merits. In fact, Plaintiff have alleged no facts that even state a cognizable claim against RESCONN or its sole manager, Defendant, David E. Brown.

2. Defendants object that Plaintiffs cannot show they will suffer an irreparable injury in the absence of the injunction because they do have an adequate remedy at law. Under Texas law, "following a wrongful foreclosure sale conducted pursuant to a power of sale contained within a deed of trust, the mortgagor may elect to (1) set aside the void trustee's deed; or (2) recover damages in the amount of the value of the property less indebtedness." *Diversified, Inc. v. Gibraltar Sav. Asso.*, 762 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied);

*see also*, *Pinnacle Premier Props. v. Breton*, 447 S.W.3d 558, 565 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (Noting that appellees had an adequate remedy at law of rescission of the sale or recovery of money for a meritorious wrongful foreclosure claim).

3. Defendants object that Plaintiffs cannot show that the equities balance in their favor. RESCONN purchased the subject property at foreclosure in April of this year and Plaintiffs have occupied the property, rent free, since that time. (Declaration of David E. Brown, pars. 2 &4). Furthermore, as stated above, Plaintiffs' remedy, in the unlikely event that they can show a wrongful foreclosure, is not to live rent free until the final disposition of this case, but monetary damages or rescission of the sale.

4. Furthermore, Plaintiffs did not even seek to enjoin the April 2022 foreclosure sale, or immediately undo the sale. In fact, after the state court denied Plaintiffs' application for a temporary restraining order to stop their eviction, Plaintiffs did not even show up at the scheduled temporary injunction hearing.

### DEFENDANTS OBJECT TO PLAINTIFFS' APPLICATION FOR INJUNCTIVE RELIEF AS FORBIDDEN UNDER THE ANTI-INJUNCTION ACT

5. Defendants object that the relief Plaintiffs seek in their application for injunctive relief is forbidden by the Anti-Injunction Act found at 28 U.S.C. § 2283. Under the terms of that act, a federal district court "may not grant an injunction to stay proceedings in a state court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In this case, Plaintiffs are asking the Court to issue an order forbidding Harris County Civil Court at Law No. 2 from holding a trial *de novo* as an appeal of the eviction case that Plaintiffs lost at the Justice Court level. That is exactly the type of thing that the Anti-Injunction Act was enacted to prevent.

## CONCLUSION

For these reasons, Defendants, RESCONN Capital Management, LLC and David E. Brown ask the Court, after hearing, to deny Plaintiffs' application for injunctive relief and to grant Defendants such other and further relief to which the Court may find them justly entitled.

Respectfully submitted,

CAIN | KING

*/s/ Lee Keller King*
Melina B. Cain, Attorney in Charge
Southern District No. 24959
State Bar No. 00797873
melina@houstonlegal.services
Lee Keller King
Southern District No. 18847
State Bar No.: 00792016
lee@houstonlegal.services
416 Westheimer
Houston, Texas 77006
(713) 623-8200 (Phone)
(713) 623-8400 (Facsimile)
**Attorneys for Defendants,**
**RESCONN Capital Management, LLC**
**& David Brown**

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing on all parties as provided Rule 5(b) of the Federal Rules of Civil Procedure, as shown below, October 18, 2022, as shown below:

Plaintiffs, *pro se,* David and Flomara McGregor, via the Court's CM/ECF system and/or email to flom22@yahoo.com and earlmc22003@yahoo.com.

Robert T. Mowrey, attorney for Fay Servicing, LLC via the Court's CM/ECF system to rmowrey@lockelord.com.

*/s/ Lee Keller King*