Case 4:22-cv-01782 Document 28 Filed on 10/19/23 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID MCGREGOR, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-01782 |
| § | |
| FAY SERVICING, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

Before the Court is the defendant's, Fay Servicing LLC ("Fay"), motion to dismiss the plaintiffs, David McGregor and Flomara McGregor's suit pursuant to FRCP, Rule 56 [DE 18]. Also, before the Court is the plaintiffs' response filed on or about October 11, 2023 [DE 26 ]. After considering the pleadings, response and the proffered testimony and exhibits, the Court concludes that the motion is meritorious and should be granted.

[1]On November 3, 2006, the plaintiffs executed an Adjustable Rate Note ("Note") with Delta Funding Corporation ("Lender"), wherein they promised to pay $140,743.00, plus interest. Shortly thereafter, on November 9, 2006, the plaintiffs executed a Deed of Trust ("Deed"), under which Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary and nominee for Lender and Lender's successors and assigns. The Deed secured payment on the Note regarding the property located at 19439 Buckland Park Drive, Katy, Texas 77449.

On May 15, 2012, the Deed was assigned by MERS to HSBC Mortgage Services, Inc. ("HSBC"). HSBC subsequently assigned the Deed to LSF9 Master Participation Trust ("LSF9")

---

[1] The facts set forth herein are part of the factual statements found in Fay's motion to dismiss and are essentially historical and undisputed.

on July 28, 2016. Finally, on October 11, 2018, LSF9 assigned the Deed to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Trustee"). Fay is a mortgage loan servicer and representative for the Trustee.

At the end of 2015, the servicing of the loan on the Property was transferred from HSBC to Caliber Home Loans, Inc ("Caliber"). Notice of this transfer was sent to the plaintiffs. On July 2, 2018, Caliber sent the plaintiffs formal notice of their default on the Property as well as Caliber's intent to accelerate. In March of 2021, the servicing of the loan was transferred from Caliber to Fay, and notice was sent again to the plaintiffs. On March 11, 2022, Fay sent the plaintiffs a Notice of Acceleration based on the existing default, disclosed its intent to foreclose on the Property, and attached a Notice of Substitute Trustee's Sale set for April 5, 2022.

## II.

The plaintiff filed this suit on April 6, 2022.  On April 20, 2022, the plaintiffs amended their suit and asserts that:  (a) Fay violated the Texas Property Code Section 51.002; (b) Fay violated the Fair Dept. Collection Practices Act ["FDCPA"]; (c) Fay violated the Texas Business and Commerce Code by failing to provide copies of the original loan and subsequent transfers; (d) Fay violated the Real Estate Act; and (e) Fay violated the Real Estate Settlement Procedure Act by failing to provide notice that the loan had been sold or transferred.

## III.

Fay asserts that each of the plaintiffs' claims fail as follows:

1. Section 51.002 of the Texas Property Code does not afford the plaintiffs any private rights of action;

2. the FDCPA does not consider foreclosure activity a debt collection activity for which the plaintiffs can seek relief;

3. the Texas Business and Commerce Code does not require Fay to provide the plaintiffs with copies of the original loan documents and subsequent transfers of the deed;

4. the DTPA requires the plaintiffs to be consumers in order to bring a claim; and

5. RESPA required Fay to notify the plaintiffs when the prior loan servicer transferred servicing to Fay.

**IV.**

Summary judgment is appropriate where the filings and the record show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying where the record "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## V.

A review of the summary judgment record establishes that the plaintiffs admitted that they were in default on the Note obligation and that they received all proper notices, not only of the transfer(s) of the Note, but the foreclosure sale. The plaintiffs admit as much in their deposition testimony. The plaintiffs' complaint appears to focus, not on what they knew concerning their Note obligation and the foreclosure, but instead, on how they felt about the foreclosure process and their "loss" due to an eviction.

The evidence shows that the sale price at foreclosure was 83% of the market value. Finding that the foreclosure process and the sale price are adequate, the Court concludes that the plaintiffs remaining claims fail because the case law does not support a cause of action under the circumstances. Hence, Fay's motion for summary judgment is Granted. Within 10 days of the entry of this Memorandum, Fay shall provide the Court with an appropriate Final Judgment.

It is so Ordered.

SIGNED on October 19, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge